IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER HOLLOWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>JUDGE SCHALTZ, and LINCOLN REGIONAL CENTER,<br><br>    Defendants. | 8:25CV342<br><br>MEMORANDUM AND ORDER |

Plaintiff Walter Holloway ("Plaintiff"), a non-prisoner proceeding in forma pauperis,[1] filed a Complaint on May 12, 2025, Filing No. 1. The Court conducts its initial review of the Complaint under 28 U.S.C. § 1915(e)(2), and finds summary dismissal of the Complaint is appropriate as discussed herein.

## I. SUMMARY OF COMPLAINT

As it stands, Plaintiff's Complaint, Filing No. 1, is incomprehensible. Plaintiff, utilizing a form complaint, names Judge Schaltz and the Lincoln Regional Center as defendants[2] and alleges both federal question and diversity of citizenship as the jurisdictional basis for his suit. *Id.* at 3. Further, the entirety of Plaintiff's stated claim is as follows:

> [Plaintiff] was picked on for having a good quality lifestyle of his kids at home at 4324 Burnadette St. Omaha, NE. His kids were mixed but love each brother and sister. His wife was white but it was a private home. He studied Divinity to purchase a church of Church's New Beginnings Military 43rd St. He only asks for what is his and return still [and] father to his grown children and one or two of his houses returned.

---

[1] *See* Filing No. 5 (granting leave to proceed in forma pauperis).

[2] Plaintiff also lists "4-way Marriage Certificate" in the "Defendants" section of the Complaint, which does not appear to be a proper defendant as a marriage certificate is not an individual or entity capable of being sued.

*Id.* at 4. As relief, it appears Plaintiff seeks to be reunited with his children and "rights to large sums of money." *Id.*

## II. INITIAL REVIEW STANDARD

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

The Court has reviewed Plaintiff's Complaint, and it contains a multitude of pleading deficiencies that without amendment, require dismissal.  However, for the reasons that follow it does not appear this Court has jurisdiction over the Complaint, requiring its dismissal.

Federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (emphasis added).  A case presenting a federal question arises under the Constitution, laws, or treaties of the United States (as opposed to the laws of the individual states).  *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir. 1997) (citing 28 U.S.C. § 1331).  "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between ... citizens of different States" where the amount in controversy exceeds $75,000."  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

As pleaded, there is no indication that Plaintiff's claims support federal question jurisdiction as not only does Plaintiff not cite to any federal statute or constitutional right, but it is unclear what Plaintiff claims was done to him or by whom rendering it impossible to determine how jurisdiction might be obtained.  What is clear is that this Court does not have diversity jurisdiction over the suit as Plaintiff lists all defendants and himself as citizens of Nebraska, *see Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978)

(The Court cannot exercise diversity jurisdiction over a matter "unless *each* defendant is a citizen of a different State from *each* plaintiff.").

As the "'threshold requirement in every federal case is jurisdiction,'" before the merits of a matter can be addressed, the Court must establish it has subject matter jurisdiction over the dispute, and if not, it must dismiss the case. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.,* 823 F.2d 214, 216 (8th Cir.1987)). Moreover, "[s]ubject-matter jurisdiction can *never* be waived or forfeited." *In re Otter Tail*, 116 F.3d at 1213 (emphasis added) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). This means this Court cannot adjudicate this matter without having the jurisdiction to do so.

Moreover, even if jurisdiction were to exist, and although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). Here, Plaintiff's Complaint fails to meet this minimal pleading standard, as he names Judge Schaltz and the Lincoln Regional Center as defendants but there is no indication how a judge and a psychiatric hospital are related to the discussion of his adult children, his wife's race, his divinity studies, or "return" of "houses."

4

In addition, to the extent Plaintiff complains of actions taken by Judge Schaltz while he had jurisdiction over Plaintiff, he is absolutely immune from suit here. *Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022). However, as the "necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him," see *Stump v. Sparkman*, 435 U.S. 349, 356 (1978), it is unclear from the allegations how Judge Schaltz is involved at all as Plaintiff failed to plead any facts connecting Judge Schaltz and his claims. Therefore, based on the Complaint's deficiency, the Court is unable to determine whether judicial immunity applies here.

And ultimately while the Complaint fails to raise any ascertainable claims, even if the noted pleading deficiencies were somehow corrected, the relief Plaintiff seeks is largely unascertainable. For example, to the extent Plaintiff seeks reunification with his adult children or to return to the way his life was "before," see Filing No. 1 at 4, this Court has no ability to provide such relief.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint, Filing No. 1, is dismissed without prejudice.
2. The Court will enter a separate judgment consistent with this order.

Dated this 25th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

5